FILED
CLERK, U.S. DISTRICT COURT
5/5/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: nne DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MICHAEL ANTHONY SMITH,<br>Defendant. | Case No. 2:24-cr-00608<br>ORDER OF DETENTION |

On April 29, 2025, Defendant Michael Anthony Smith made his initial appearance on a criminal complaint pending in this District. DFPD Julia Deixler was appointed to represented Mr. Smith. Mr. Smith requested a brief continuance of the detention hearing, and Mr. Smith was ordered temporarily detained. The continued detention hearing was held on May 1, 2025. The Court heard from counsel for both parties, and in the end, ordered Mr. Smith detained. The Court makes the following written findings in support of that Order:

1   ☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case
2 allegedly involving a narcotics or controlled substance offense with maximum
3 sentence of ten or more years.
4   ☒ On motion by the Government or on the Court's own motion [18 U.S.C.
5 § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.
6   The Court concludes that the Government is entitled to a rebuttable
7 presumption that no condition or combination of conditions will reasonably assure
8 the defendant's appearance as required and the safety or any person or the
9 community [18 U.S.C. § 3142(e)(2)].
10   The Court finds that no condition or combination of conditions will
11 reasonably assure: ☒ the appearance of the defendant as required.
12     ☒ the safety of any person or the community.
13   The Court has considered: (a) the nature and circumstances of the offense(s)
14 charged, including whether the offense is a crime of violence, a Federal crime of
15 terrorism, or involves a minor victim or a controlled substance, firearm, explosive,
16 or destructive device; (b) the weight of evidence against the defendant; (c) the history
17 and characteristics of the defendant; and (d) the nature and seriousness of the danger
18 to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered
19 the report and recommendation of the U.S. Pretrial Services Agency.
20   The Court bases its conclusions on the following:
21    Mr. Smith is a life-long resident of this community and has strong
22   family and friend ties to this District. Several long-time family friends
23   offered to serve as sureties in this case. The Court credits that, so far as it
24   was within their power to support Mr. Smith, they would do so.
25   Unfortunately, Mr. Smith has a lengthy history of struggling with substance
26   abuse and mental health. He has stopped taking medication since his release
27   from custody about a month ago. Not unrelated to his substance abuse and
28   mental health issues, Mr. Smith also has a history of failures to appear and

warrants. His lengthy criminal history and these failures to follow court orders cause the Court concern that he will be able to comply with conditions of release, even with community support.

That same criminal history, along with the allegations in this case, lead this Court to conclude that conditions cannot be set that will protect the community. Mr. Smith's convictions are largely non-violent, but the Pretrial Services Report does reflect several convictions for weapons possession and many for substance-abuse-related charges. Those convictions mirror the allegations in this case. Here, Mr. Smith is alleged to have possessed a firearm and fentanyl on two separate occasions. Though he was cooperative with officer when arrested, and though there is no report that he threatened to use the firearm, both the firearm and the fentanyl pose a risk to the community under these circumstances.

The Court therefore concludes that no conditions could be set that would adequately assure Mr. Smith's presence for court appearances or the safety of the community.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will

deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: May 5, 2025

/s/
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

4